UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| CHARLES A. MOON, JR., | |
|---|---|
| Petitioner, | |
| v. | CAUSE NO.: 3:19-CV-642-RLM-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Charles A. Moon, Jr., a prisoner without a lawyer, filed a habeas corpus petition to challenge his convictions for resisting arrest under Case Nos. 34D01-1707-F4-797 and 34D01-1707-F4-860. Following a guilty plea, on March 22, 2018, the Howard Superior Court sentenced him to ten years of incarceration. Under Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Before considering the merits of a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); Lewis v. Sternes, 390 F.3d 1019, 1025 (7th Cir. 2004). As our court of appeals has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts . . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at

> each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Id.* at 1025-26. Federal habeas relief isn't available until exhaustion has occurred. *Id.* Further, "[a] petitioner's failure to fairly present each habeas claim to the state's appellate and supreme court in a timely manner leads to a default of the claim, thus barring the federal court from reviewing the claim's merits." Smith v. McKee, 598 F.3d 374, 382 (7th Cir. 2010).

In the petition, Mr. Moon indicates that, on September 22, 2018, he received a decision from the Court of Appeals of Indiana on direct appeal, and he didn't present any of his claims to the Indiana Supreme Court. The petition thus indicates that the time for him file a petition to the Indiana Supreme Court on direct appeal has expired. See Ind. App. R. 57(C) (petition to transfer must be filed within 45 days of adverse decision from the Court of Appeals of Indiana). Because Mr. Moon didn't present his claims to the Indiana Supreme Court in a timely manner, his claims are both unexhausted and procedurally defaulted. Mr. Moon offers no basis for excusing procedural default, and the petition will be dismissed.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." Dolis v. Chambers, 454 F.3d 721, 725 (7th Cir. 2006). Mr. Moon's one-year limitations period for federal habeas review began to accrue when his conviction became final on November 6, 2018. See Gonzalez v. Thayer, 565 U.S. 134, 150 (2012) (when a state prisoner does not complete all levels of direct review, his conviction

2

becomes final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for seeking such review expires). Filing a petition for post-conviction relief in State court tolls the one-year limitations period. *Id.* § 2244(d)(2). Though the claims in the petition are procedurally barred, Mr. Moon might want to raise other claims in State court in post-conviction proceedings. At this point, he has more than two months of the limitations period remaining, which is ample time for him to initiate State post-conviction proceedings and to file another habeas petition in federal court thereafter. Dismissing this petition will not effectively end his chance at habeas corpus review, and a stay is not appropriate for this case.

Under Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000). There is no basis for finding that jurists of reason would debate the correctness of today's procedural ruling, so there is no basis for encouraging Mr. Moon to proceed further in federal court.

For these reasons, the court:

(1) DISMISSES without prejudice the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims are procedurally defaulted;

(2) WAIVES the filing fee;

(3) DENIES Charles A. Moon, Jr., a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(4) DIRECTS the clerk to close this case.

SO ORDERED on August 27, 2019

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT

4